JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# EASTERN DIVISION

| | |
|---|---|
| COACHELLA MUSIC FESTIVAL, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>C.V. BREWING CO.,<br><br>  Defendant. | Case No.: 5:24-cv-00548-KK (SHKx)<br><br>**ORDER ENTERING PERMANENT INJUNCTION AND FINAL JUDGMENT**<br><br>Hon. Kenly Kiya Kato |

The Court, having read and considered the stipulation of the parties and the record in this case, and good cause appearing, **ORDERS** that the stipulation is hereby **APPROVED.**

**IT IS HEREBY ORDERED THAT:**

1. This Court has jurisdiction over the parties and the subject matter of the above-captioned action ("Action").

2. Plaintiff, together with its affiliates, owns and operates the Coachella Valley Music and Arts Festival (the "Coachella Festival").

3. Plaintiff, together with its affiliates, also owns and operates the festival known as *Chella Celebrando a La Comunidad* aka Chella (the "Chella Festival").

4. Plaintiff owns and has asserted in this Action the following trademarks and service marks, which are used in connection with Plaintiff's Coachella Festival and other goods and services: COACHELLA VALLEY MUSIC AND ARTS FESTIVAL; COACHELLA; COACHELLA (stylized); CHELLA; and the Coachella Palm Logo trademarks and service marks (as depicted, for example, in U.S. Registration No. 7,196,158) (collectively, "Plaintiff's Marks"). Plaintiff's Marks are valid and enforceable.

5. Plaintiff also owns the combination of the Coachella Festival's curated artwork, stages, palm trees, mountains, desert, grass, gradient background, and Ferris wheel design (collectively, the "Coachella Trade Dress"). The Coachella Trade Dress is valid and enforceable.

6. Defendant operates a brewery and retail establishment that sells alcoholic beverages and conducts live entertainment events (collectively, "Defendant's Goods and Services").

7. Defendant has registered and has been using in connection with Defendant's Goods and Services a logo that is subject to U.S. Registration No. 6,401,647 (the "Accused Logo"). Defendant also filed a trademark application for the wordmark "MiChella" in connection with beer, Serial No. 97/428,975 (the "MiChella Application"),

8. Defendant has used the Accused Logo in connection with various labels, advertising, and promotional materials that incorporates elements of the Coachella Trade Dress and creates a false association with Plaintiff, Plaintiff's Marks, the Coachella Festival, and the Chella Festival (collectively, the "Accused Advertising"). Defendant's actions therefore constitute trademark infringement, false designation of origin, and unfair competition in violation of 15 U.S.C. §§ 1114 & 1125(a), and Defendant's conduct also constitutes violations of California Business and Professions Code §§ 17200 & 17500.

9. As a result of Defendant's conduct, Plaintiff has sustained substantial, immediate, and irreparable injury, and is entitled to a permanent injunction.

10. Accordingly, **IT IS FURTHER ORDERED** that, Defendant and its officers, agents, servants, employees, and attorneys, as well as all other persons who are in active concert or participation with any of them, who receive actual notice of this order are hereby enjoined and restrained from:

    a. Using in any manner Plaintiff's Marks or any confusingly similar variation thereof absent Plaintiff's prior written consent;

    b. Taking any action so as to create any impression that any association, affiliation, or sponsorship exists between them and Plaintiff or Plaintiff's affiliates, including but not limited to using the Accused Logo, the MiChella wordmark, and/or using elements of the Coachella Trade Dress;

    c. Engaging in any unfair competition with Plaintiff; and

    d. Assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities restricted by subparagraphs (a)-(c), above.

11. It is further **ORDERED** that final judgement is entered for Plaintiff on all claims asserted in the Action.

12. Except as otherwise agreed in a private settlement agreement between the parties, each party shall bear its own costs, expenses, and attorneys' fees.

/ / /

/ / /

13. This Court shall retain jurisdiction to the extent necessary to enforce this Permanent Injunction. (JS-6)

**IT IS SO ORDERED.**

Dated: August 22, 2024

_____
Kenly Kiya Kato
United States District Judge